UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS ROMEO,

No. 15-10335

v.

District Judge Marianne O. Battani
Magistrate Judge R. Steven Whalen

CITY OF DEARBORN HEIGHTS,
ET AL.,

            Defendants.

_____ /

## REPORT AND RECOMMENDATION

On December 12, 2014, Plaintiff Francis Romeo filed a *pro se* civil complaint in the Wayne County Circuit Court, naming as Defendants the City of Dearborn Heights, the Dearborn Heights Police Department, Police Chief Lee Gavin, and Police Officers LaFeve and Nason. The complaint alleges a Fourth Amendment violation, brought under 4 U.S.C. § 1983, and state law claims of false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. On January 26, 2015, Defendants removed the case to this Court. Before the Court at this time is the Defendants' Motion for Judgment on the Pleadings [Doc. #10], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.    FACTS

This case had its beginnings in a simple fender-bender. Plaintiff alleges that on December 12, 2012, his vehicle "was backed into on its right side in the parking lot of a produce market." *Complaint* [Doc. #1], ¶ 14. He states that he gave the other driver his

contact information, but that she sat on her rear bumper to conceal her license plate from view. *Id*. ¶ 17. The two agreed to drive to the police station to file an accident report. Plaintiff checked in with Defendant Corporal LaFeve, but the other party did not show up. *Id*. ¶¶ 18-19. Plaintiff told LaFeve that he wanted to file an accident report, but LaFeve told him to go, that he did not take one-party accident reports. *Id*. ¶¶ 20-22.  Plaintiff states that he returned to the police station the week of December 16, 2012, but was again told that "we don't take one party accident reports." *Id*. ¶ 24.

Plaintiff alleges that on or about December 20, 2012, he received a telephone call from a person identifying himself as "the husband of the lady you ran into." The caller demanded $600.00. *Id*. ¶ 26. In response, Plaintiff told the man that any claim would have to go to his insurance company, that the woman backed into his car, not vice versa, and that he thought $600 was excessive to repair the damage. *Id*. ¶ 27. Plaintiff alleges that on January 23, 2016, the other driver contacted the police, gave them Plaintiff's contact information, and claimed that Plaintiff was a hit-and-run driver. Plaintiff alleges that Defendant Sgt. Nason issued a ticket against him, but never served the ticket. *Id*., ¶ ¶ 30-31.  Plaintiff states that "Defendant Nason knew or should have known that presenting inaccurate, misleading evidence to the District Court would cause the initiation of a malicious prosecution, a false arrest and imprisonment and that Defendant Nasons' acts constituted a breach of his duties that would cause harm to Plaintiff, as he was illegally arrested and jailed." *Id*. ¶ 32. Plaintiff alleges further that he sent "repeated letters" to Police Chief Lee Gaven, requesting an "internal investigation," but that he received no response. *Id*. ¶ 34.

Plaintiff brings the following specific claims: False Arrest (Count I); False Imprisonment (Count II); Malicious Prosecution (Count III); Fourth Amendment

violation (Count IV);and Intentional Infliction of Emotional Distress (Count V).

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined

whether a complaint contains factual allegations, as opposed to legal conclusions.
"Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the
facts that are pled must show a "plausible" claim for relief, which the Court described as
follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal
> citations omitted).

### III.   DISCUSSION

### A.   False Arrest, False Imprisonment, Malicious Prosecution (Counts I, II, and III)

### 1.   Probable Cause (All Defendants)

An essential element of a claim of false arrest, false imprisonment, or malicious
prosecution is the absence of probable cause. *See Peterson Novelties, Inc. v. City of
Berkley*, 259 Mich. App. 1, 18, 672 N.W.2d 351 (2003)("To prevail on a claim of false
arrest or false imprisonment, a plaintiff must show that the arrest was not legal, ie., the
arrest was not based on probable cause"); *Walsh v. Taylor*, 263 Mich.App. 618, 632-33,
689 N.W.2d 506 (2004)("In maintaining a claim of malicious prosecution, a plaintiff
bears the burden of proving that...the private person who instituted or maintained the
prosecution lacked probable cause for his actions.").

Here, Plaintiff alleges that Sgt. Nason issued a ticket after receiving a complaint
from the woman involved in the accident. "Probable cause to arrest exists where the facts
and circumstances within an officer's knowledge and of which he has reasonably
trustworthy information are sufficient in themselves to warrant a man of reasonable

-4-

caution in the belief that an offense has been or is being committed." *People v. Champion*, 452 Mich. 92, 115, 549 NW2d 849 (1996). Information or complaints that police officers receive from identified citizens or other police officers is presumptively reliable. *People v. Powell*, 201 Mich.App 516, 523, 506 NW2d 894 (1993). That the Plaintiff might believe the information from the other driver to be false is irrelevant to the probable cause analysis, as is his actual innocence of the charged offense. *Peterson Novelties,* at 18. Also irrelevant is the Plaintiff's allegation that the officers' probable cause determination was based on hearsay. "A finding of probable cause may be based on hearsay evidence...." *People v. Manning*, 243 Mich.App. 615, 621-22, 624 N.W.2d 746 (2000); M.C.R. 6.102(B).

Because Plaintiff's complaint alleges that Sgt. Nason issued a ticket based on information he received from a named citizen, he *ipso facto* concedes the issue of probable cause. Thus, the complaint fails to allege plausible claims of false arrest, false imprisonment, and malicious prosecution.[1]

## 2.   Governmental Immunity

### a.   Police Chief Gavin

Under M.C.L. 691.1407(5), "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." *See Odom v. Wayne County*, 482 Mich. 459, 468-69, 760 N.W.2d 217 (2008). A Chief of Police is entitled to immunity under this

---

[1] Plaintiff also alleges that Defendant Nason provided false or misleading evidence to the state district court. However, because he does not indicate what information was allegedly false, his complaint falls short of the factual specificity required by *Iqbal*. To the extent that he suggests that the information that the other driver gave to Nason was false, his malicious prosecution claim would be better directed at her, not Nason.

statute. *Petipren v. Jaskowski*, 494 Mich. 190, 258-59, 833 N.W.2d 247 (2013); *Payton v. City of Detroit*, 211 Mich.App. 375, 394, 536 N.W.2d 233 (1995)(citing *Meadows v. Detroit*, 164 Mich.App. 418, 426-27, 418 N.W.2d 100 (1987)). Accordingly, Defendant Lee Gavin, the Dearborn Heights Chief of Police, is entitled to statutory immunity, and must be dismissed.

### b.  Defendants LeFeve and Nason

As discussed above, Corporal LeFeve and Sgt. Nason are subject to dismissal because Plaintiff has not plausibly claimed that his arrest, prosecution, or detention was effected without probable cause. Alternatively, these officers are entitled to governmental immunity from suit for intentional torts under the test set forth in *Ross v. Consumers Power Co. (On Rehearing)*, 420 Mich. 587, 363 N.W.2d 641 (1984), as affirmed and clarified in *Odom v. Wayne County, supra*.

False arrest, false imprisonment, and malicious prosecution are intentional torts. *Odom*, 482 Mich. at 464-65. Thus, the "gross negligence" test for defeating immunity in a *negligent* tort, governed by M.C.L. § 691.1407(2), is inapplicable. *Id*. at 470-73. Rather, it is the common law *Ross* test that applies to intentional torts. In *Odom*, at 480, the Court summarized that test as follows:

> "If the plaintiff pleaded an intentional tort, determine whether the defendant established that he is entitled to individual governmental immunity under the *Ross* test by showing the following:
>
> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial."

In this case, the Defendants took a police report and issued a ticket. These are

-6-

paradigmatic duties of police officers that are exercised during the course of the officers' employment and within the scope of their authority. In addition, the decision to issue a ticket is entrusted to police officers' discretion, and cannot be considered ministerial. *Odom*, at 476.

In terms of whether the officers' actions were taken in good faith, *Odom* instructs that "good faith" is synonymous with "absence of malice." *Id*. at 473-75. "[A] police officer is entitled to immunity when he is 'acting in good faith with probable cause...even though the arrest is subsequently found to be baseless." *Id*. at 474 (quoting *Blackman v. Cooper*, 89 Mich.App. 77, 85-86, 280 N.W.2d 76 (1985)). Plaintiff's allegations, taken as true, show only that the police took a report of a hit-and-run property damage accident from a named citizen, and issued a citation to the Plaintiff, who was subsequently arrested. As discussed above, there was probable cause for Plaintiff's arrest. And even if the police erred in not taking a complaint from Plaintiff when he first went to the station, that error does not come close to a plausible allegation of "malice." Immunity "protects a governmental employee who reasonably believes that he was authorized to take certain actions, but later learns that he was mistaken." *Odom* at 473.

Therefore, apart from the implausibility of the Plaintiff's underlying claims, these officers are also entitled to governmental immunity.

The Plaintiff's claim of intentional infliction of emotional distress ("IIED") is also an intentional tort, and the Defendant officers are entitled to immunity of this Count as well. In addition, Plaintiff has not plausibly pled an IIED claim.

To establish a Michigan common law claim of IIED, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999).

*See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The Plaintiff was charged and arrested based on a finding of probable cause. If the other driver gave false information to the police, Plaintiff might have a claim against her, but the officers' actions can hardly be characterized as "utterly intolerable in a civilized community."

**B.    The City of Dearborn Heights and the Police Department**

Plaintiff brings a Fourth Amendment claim under 42 U.S.C. § 1983 against the City of Dearborn Heights and its Police Department.[2]

First, the Dearborn Heights Police Department is not a legal entity considered to be separate from the municipality, and therefore is not subject to suit. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Police Department should therefore be dismissed.

Plaintiff also brings a claim against the City of Dearborn Heights. In *Monell v.*

---

[2] To the extent that Plaintiff's complaint also alleges a Fourth Amendment/ §1983 claim against the individual officers, that allegation is implausible because, as discussed previously, the Plaintiff's arrest was supported by probable cause, and therefore reasonable under the Fourth Amendment.

-8-

*Department of Social Services of City of New York* 436 U.S. 658  (1978), the Supreme

Court held that under § 1983, municipal liability is not unlimited, and that a municipality

could not be liable on a theory of *respondeat superior*:  "A municipality cannot be held

liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot

be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. (Emphasis in

original).  However, the *Monell* Court found that when the acts of individual employees

represent the government's custom or policy, the municipality can be held liable. *Id* at

638.

First, as discussed above, Plaintiff's arrest was based on probable cause, and

therefore there was no Fourth Amendment violation by the individual officers. That being

the case, the City cannot be vicariously liable for a non-violation. In addition, Plaintiff has

not alleged any facts that would plausibly support a theory that the City had a policy,

written or unwritten, that resulted in the violation of any constitutional rights. The City of

Dearborn Heights should therefore be dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion for Judgment on the

Pleadings [Doc. #10] be GRANTED and that Plaintiff's complaint be DISMISSED

WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within 14 days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947

(6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 22, 2017                 s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on February 22, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants February 22, 2017.

                                          s/Carolyn M. Ciesla
                                          Case Manager for the
                                          Honorable R. Steven Whalen