UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS ROMEO,

    Plaintiff,

v.

CITY OF DEARBORN HEIGHTS, et al.,

    Defendants.
_____/

CASE NO. 2:15-cv-10335

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION**

Before the Court are Plaintiff Francis Romeo's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 23). Magistrate Judge R. Steven Whalen considered Defendants' Motion for Judgment on the Pleadings, and, on February 22, 2017, entered a Report and Recommendation ("R&R"). (Doc. 22). In the R&R, Magistrate Judge Whalen recommended that the Court grant Defendants' motion and dismiss the case with prejudice. For the reasons that follow, the Court **ADOPTS** the R&R, **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. 10), and **DISMISSES WITH PREJUDICE** the present action.

**II.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. (See Doc. 22, pp. 1-3).

**III.    STANDARD OF REVIEW**

Pursuant to statute, this Court's standard of review for a magistrate judge's report and recommendation requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

The legal standards for determining motions to dismiss pursuant to Rule 12(b) and Rule 12(c) are the same. Lindsay v. Yates, 498 F.3d 434, 437 n.4 (6th Cir. 2007). When ruling on a Rule 12(c) motion, the court must take as true "all well-pleaded material allegations of the pleadings of the opposing party," and "the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (quoting So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973)). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." Id. at 581-82 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir.1999)). The court is to grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Id. at 582 (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991)). "There must be no material issue of fact that could prevent judgment for the moving party." Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 2009 WL 4749352, at *3 (6th Cir. 2009).

**IV.    DISCUSSION**

In his objections to the R&R, Plaintiff challenges the Magistrate Judge's conclusions that Sgt. Nason had probable cause for issuing a hit and run ticket; that the

2

Defendant police officers were engaged in discretionary duties; and that Defendant City of Dearborn failed adequately to train its officers.

First, the R&R notes that an essential element in claims of false arrest, false imprisonment, and malicious prosecution is the absence of probable cause, citing Peterson Novelties, Inc. v. City of Berkley, 672 N.W.2d 351, 362 (Mich. Ct. App. 2003) and Walsh v. Taylor, 689 N.W.2d 506, 516-17 (Mich. Ct. App. 2004). (Doc. 22, p. 4). It goes on to discuss as follows:

> "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v. Champion*, 452 Mich. 92, 115, 549 N.W.2d 849 (1996). Information or complaints that police officers receive from identified citizens or other police officers is presumptively reliable. *People v. Powell*, 201 Mich. App 516, 523, 506 N.W.2d 894 (1993). That the Plaintiff might believe the information from the other driver to be false is irrelevant to the probable cause analysis, as is his actual innocence of the charged offense. *Peterson Novelties*, at 18. Also irrelevant is the Plaintiff's allegation that the officers' probable cause determination was based on hearsay. "A finding of probable cause may be based on hearsay evidence...." *People v. Manning*, 243 Mich. App. 615, 621-22, 624 N.W.2d 746 (2000); M.C.R. 6.102(B).
>
> Because Plaintiff's complaint alleges that Sgt. Nason issued a ticket based on information he received from a named citizen, he *ipso facto* concedes the issue of probable cause. Thus, the complaint fails to allege plausible claims of false arrest, false imprisonment, and malicious prosecution.

(Id. at pp. 4-5). Plaintiff contends that Defendants lacked probable cause to issue him a ticket for a hit and run on January 24, 2013, because the information regarding the fender bender incident was already in their files. Plaintiff submits an unreadable document that is purportedly a copy of the incident report dated December 14, 2012. (Doc. 23, Ex. A). Even assuming Plaintiff's allegations to be true, the incident report in Defendants' files would have been based on a summary of events as described by

3

Plaintiff.  There was no reason for Defendants to assume that the information received from the other individual involved in the incident was false.  Accordingly, the conclusion reached in the R&R regarding the existence of probable cause is sound.

Second, with respect to the issue of governmental immunity, the R&R observes that because false arrest, false imprisonment, and malicious prosecution are intentional torts, immunity is governed by the Ross test as clarified in Odom v. Wayne County, 760 N.W.2d 217, 228 (Mich. 2008).  Under this test, a defendant is entitled to individual governmental immunity if:

> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
> (c) the acts were discretionary, as opposed to ministerial.

Id.  Plaintiff disputes the Magistrate Judge's conclusion that Corporal LeFeve's duty to take an accident report was discretionary.  However, Plaintiff's assertion that LaFeve failed to take an accident report in December 2012 directly conflicts with the exhibit referenced above that he now claims to be an incident report dated in December 2012.  Moreover, Plaintiff has not clearly articulated a causal link between LaFeve's alleged refusal to take a one-party accident report and Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution.  The action giving rise to these claims is, as determined in the R&R, the decision to issue a ticket, which is undoubtedly discretionary in nature.  See id. at 226 (defining "discretionary acts" as those that "require personal deliberation, decision and judgment," such as "determin[ing] whether there is reasonable suspicion to investigate or probable cause to arrest").  Thus, Plaintiff's objection lacks merit.

Finally, Plaintiff disputes the R&R's conclusion relative to his claims against the City of Dearborn for failure to train.  The Court agrees with the Magistrate Judge that where a court has determined that no constitutional deprivation has taken place, a plaintiff may not maintain an action against the municipality for failure to train.  See Hartke v. Glover, Nos. 255182, 255183, 2006 Mich. App. LEXIS 134, at *9-15 (Mich. Ct. App. Jan. 17, 2006).  Plaintiff has not advanced a specific argument challenging this reasoning.  See Howard v. Sec'y of Heath & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

## V.     CONCLUSION

Having reviewed the R&R, the Court agrees with the conclusions set forth therein.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation; **GRANTS** Defendants Motion for Judgment on the Pleadings (Doc. 10), and **DISMISSES WITH PREJUDICE** the present action.

**IT IS SO ORDERED.**

Date:   March 15, 2017

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 15, 2017.

s/ Kay Doaks
Case Manager